UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARYTZA GOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| INDIANAPOLIS HOUSING AGENCY | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, Marytza Golden ("Golden"), by counsel, brings this Complaint and Demand for Jury Trial against Defendant, Indianapolis Housing Agency ("Defendant"), for violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Section 504") and violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### II. Parties

2. Golden, at all times relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

3. Defendant is a federally funded independent governmental housing agency that maintains offices and conducts business within the Southern District of Indiana, Indianapolis Division.

### III. Jurisdiction.

4. Federal question subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 29 U.S.C. § 794(a), and 42 U.S.C. § 1981.

5. Defendant is an employer within the meaning of Section 504 of the Rehabilitation Act. Defendant received federal funding for a variety of positions and programs, including Golden's position. Golden was an employee under a "program or activity" under 29 U.S.C. § 794(b)(1).

6. Golden is an individual with a disability as that term is defined by 29 U.S.C. § 705(9).

7. At all relevant times to this action, Defendant received federal funding as a whole. Defendant receives federal funding and is principally engaged in the business of providing housing services.

8. Golden is a "person" under 42 U.S.C. § 1981.

9. Golden held an employment relationship with Defendant under 42 U.S.C. § 1981. Golden's employment relationship with Defendant was contractual in nature under 42 U.S.C. § 1981.

10. Venue is proper in this Court.

### IV. Factual Allegations

11. Golden commenced her employment with Defendant in or around June of 1999.

12. At all relevant times, Golden held the position of Public Safety Officer. At the time of Golden's termination of employment, Golden held the rank of Sergeant.

13. Throughout her employment, Golden met the legitimate and reasonable expectations associated with her position.

14. On November 24, 2014, Golden received a performance evaluation rating of five (5) in every category, which means "Employee demonstrated Outstanding performance for this job factor or job task."

15. In or around November of 2014, Golden was diagnosed with breast cancer.

16. Golden's cancer substantially limits the major bodily functions of normal cell growth and her reproductive organs.

17. Golden's cancer, and the treatment associated with her cancer, substantially limits the major life activities of caring for herself, eating, and performing manual tasks, among other major life activities.

18. On December 17, 2014, Golden started medical leave from work under the Family Medical Leave Act ("FMLA").

19. Golden obtained certification for her FMLA leave, and Defendant approved Golden's FMLA leave. Throughout her medical leave, Golden kept Defendant apprised of her medical status.

20. Golden's FMLA leave expired March 16, 2015.

21. At the time her FMLA leave expired, due to Golden's cancer and treatment, Golden was unable to return to work.

22. Golden sought extended medical leave from work due to her cancer and treatment.

23. On numerous occasions prior to the termination of her employment, Golden informed Defendant that she expected to return to work in or around August of 2015.

24. Defendant provided Golden with four (4) weeks of extended medical leave beyond the twelve (12) weeks of FMLA.

25. After four (4) weeks of additional medical leave, Defendant refused to provide Golden with any additional medical leave, despite Golden's requests that her leave be extended.

26. On April 7, 2015, Golden informed Defendant again that she expected to return to work in or around August of 2015 and she could not return to work by the April 14, 2015, deadline.

27. On April 7, 2015, Defendant informed Golden that if she could not return to work by April 14, 2015, her employment would be terminated. When Golden questioned why Defendant would take such action, Defendant stated "that is the law."

28. On April 14, 2015, Defendant terminated Golden.

29. On April 13, 2015, at 6:10 p.m., Golden emailed Defendant's Human Resources Department and stated, "I am requesting an unpaid leave of absence per city policy. If you have additional questions please contact me as you are aware I am off work due to diagnosis of cancer and I was informed today by Human Resources that Tuesday April 14, 2015 will be my last day of employment."

30. Defendant has a "General Leave of Absence (Unpaid Leave)" policy which states, in part, "[t]he Director of Human Resources in conjunction with the

Department Director, may approve a leave without pay for a specified period of time (not to exceed six (6) months) when it is determined that no other leave form is appropriate."

31. On April 15, 2015, at 3:22 p.m., Defendant responded to Golden's request and stated "[y]our unpaid leave of absence request has been denied."

32. Defendant has never explained to Golden what alleged undue burden or expense Defendant would incur by granting Golden extended medical leave.

33. Defendant did not engage in the interactive process with Golden, prior to the termination of her employment, to determine the particulars of her extended medical leave, any alleged undue burden or expense, and/or Defendant's leave policies.

34. Golden's request for extended medical leave constitutes a reasonable accommodation under Section 504 of the Rehabilitation Act.

35. Golden is Hispanic.

36. Upon information and belief, Defendant has afforded extended medical leave to similarly situated non-Hispanic employees, including but not limited to Kathy A. Walden.

## V.  Legal Allegations

### Count One – Section 504 – Discrimination – Rehabilitation Act

37. Golden hereby incorporates paragraphs one (1) through thirty-six (36) of their Complaint as if the same were set forth at length herein.

38. Defendant terminated Golden because of her disability.

39. Defendant's actions were intentional, willful, and in reckless disregard of Golden's rights as protected by Section 504.

**Count Two – Section 504 – Failure to Accommodate – Rehabilitation Act**

40. Golden hereby incorporates paragraphs one (1) through thirty-nine (39) of their Complaint as if the same were set forth at length herein.

41. Golden's request for extended medical leave constitutes a reasonable accommodation under Section 504.

42. Defendant denied Golden a reasonable accommodation under Section 504.

43. Defendant's actions were intentional, willful, and in reckless disregard of Golden's rights as protected by Section 504.

**Count Three – Section 504 – Failure to Interact – Rehabilitation Act**

44. Golden hereby incorporates paragraphs one (1) through forty-three (43) of their Complaint as if the same were set forth at length herein.

45. Defendant failed to engage in the interactive process with Golden to explore potential reasonable accommodations.

46. Golden's request for extended medical leave was a reasonable accommodation.

47. Defendant's actions were intentional, willful, and in reckless disregard of Golden's rights as protected by Section 504.

**Count Four – Race Discrimination – 42 U.S.C. § 1981**

48. Golden hereby incorporates paragraphs one (1) through forty-seven (47) of their Complaint as if the same were set forth at length herein.

49. Defendant subjected Golden to less favorable terms, conditions, and privileges of employment because of her race, Hispanic. Defendant terminated Golden because of her race.

50. Defendant's actions were intentional, willful, and in reckless disregard of Golden's rights as protected by 42 U.S.C. § 1981.

## VI.  Requested Relief

1. Golden seeks reinstatement. Alternatively, Golden seeks front pay.

2. Golden seeks injunctive relief to bar Defendant from further acts in violation of federal law.

3. Golden seeks back pay, lost wages, lost benefits, and all other lost financial harm as a result of Defendant's violations of federal law.

4. Golden seeks compensatory damages for emotional pain and suffering.

5. Golden seeks payment for her reasonable attorneys' fees and costs associated with this action.

6. Golden seeks pre-judgment and post-judgment interest on all sums recoverable.

7. Golden seeks any and all other legal and equitable relief available.

Respectfully submitted,


 s/ *Ryan P. Sink*
Ryan P. Sink

FOX WILLIAMS & SINK, LLC
8465 Keystone Crossing
Suite 250
Indianapolis, Indiana 46240

Phone: 317-254-8500
Fax: 844-273-6464

Attorneys for Plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

 s/ *Ryan P. Sink*
Ryan P. Sink