UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARYTZA GOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:15-cv-00766-RLY-DML |
| | ) |
| INDIANAPOLIS HOUSING AGENCY | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE DECLARATION OF STEVE GOLDEN**

Plaintiff, Marytza Golden, by counsel, files her Response in Opposition to Defendant's Motion to Strike the Declaration of Steve Golden, and in response provides two (2) separate reasons justifying denial of Defendant's Motion:

**I.    Defendant's Noncompliance with Local Rule 56-1(i)**

The Court need not address the substance of Defendant's Motion because Defendant failed to comply with the Local Rules. Southern District of Indiana Local Rule 56-1(i), entitled "Collateral Motions," states as follows:

> The court *disfavors* collateral motions – *such as motions to strike* – in the summary judgment process. Any dispute over the admissibility or effect of evidence *must* be raised through an objection within a party's brief.

S.D. Ind. L.R. 56-1(i)(emphasis added). The Southern District of Indiana not only disfavors motions to strike in the summary judgment stage, it uses mandatory language (must) in the Local Rule prohibiting collateral motions and requiring objections to evidence through the summary judgment briefing process. Defendant's Motion to Strike runs afoul of S.D. Ind. Local Rule 56-1(i), and this is not the first time this specific

1

Defendant has filed a motion to strike in violation of S.D. Ind. Local Rule 56-1(i). In the matter of *Truitt v. Indianapolis Housing Agency*, 2012 WL 6626959 (S.D. Ind. 2012), the District Court denied Defendant's motion to strike and stated "Local Rule 56-1(i) specifically disfavors motions to strike in the summary judgment process. The motion to strike is unnecessary as the arguments raised could have been sufficiently stated in a reply brief." *Id*. at fn1. Accordingly, Golden requests denial of Defendant's Motion to Strike.

## II. Steve Golden's Declaration does Not Contradict his Deposition

To strike an affidavit as a "sham," Defendant must show a "direct and specific conflict between the affidavit and deposition testimony, for which there is no plausible explanation . . . ." *Miller v. Heritage Products, Inc.*, 2004 WL 1087370, * 5 (S.D. Ind. April 21, 2004). A plausible explanation includes instances where the questioner at a deposition fails to exhaust a witness's memory on a particular issue or fails to ask certain questions on a particular topic. *Id*. As explained in *Miller*, courts "must also be careful not to allow the deposition process to be used to silence later a witness who was not asked the right questions." *Id*.

Here, Steve Golden's declaration provides testimony on the fact that light duty work was available for Ms. Golden from the date of her termination until the present. [S. Golden Decl. ¶ 3]. Regarding light duty, during Steve Golden's deposition he testified as follows:

> Q: In your opinion, was your wife able to work in April of 2015?
>
> A: My wife would have been able – by the police department rules and regulations, and the reasonable accommodations that IHA has given in the past to other

> police department employees, absolutely she could have. She could have worked light duty, because the majority of the work that we do is in front of a computer and we never leave the office.

[S.Golden Dep. p. 28]. Defendant never asked Steve Golden whether light duty work was available after April of 2015, and counsel for Plaintiff was not required to ask any questions of a fact-witness at Defendant's scheduled-deposition. Golden's declaration testimony as to the availability of light duty work does not constitute a direct and specific conflict. For example, if Steve Golden had previously testified that no light duty work was available, but then submitted a declaration claiming light duty work was available, this scenario would justify striking the affidavit. But Steve Golden previously testified that light duty work was available, and his declaration merely expands on his previous testimony by stating that light duty has been available since the date of termination until the present.

      Defendant realizes the lack of any contradiction, so Defendant makes the legal argument that "Mr. Golden's declaration conflicts with his prior deposition testimony because the essential duties of IHA Public Safety Officers cannot be accomplished by light duty work." [Def.'s Mt. ¶ 7]. First, as stated above, Steve Golden's deposition testimony, prior to his declaration, unequivocally considered light duty as a reasonable accommodation that would permit Golden to perform the essential duties of her position. [S. Golden Dep. p. 28]. Steve Golden also clearly testified at his deposition that "[a]ny job at IHA is physically demanding, yes. But there are also accommodations for that." [S. Golden Dep. p. 27]. Second, Defendant ignores case law demonstrating that temporary light duty work can be a reasonable accommodation under the ADAAA and

3

Rehabilitation Act. *Hendricks-Robinsvon v. Excel Corp.*, 154 F.3d 685, 697-98 (7th Cir. 1998); *Dalton v. Sabaru-Isuzu Auto., Inc.*, 141 F.3d 667, 677-79 (7th Cir. 1998).

Finally, Defendant contends Steve Golden's declaration contradicts his deposition testimony because his declaration states that Defendant did not consult with him on whether light duty work was available, whereas his deposition states that he was not supposed to have any supervisory role over Ms. Golden. [Def.'s Mt. ¶¶ 10-11]. Contrary to Defendant's view of the evidence, these statements are not in conflict. It should be undisputed that Defendant did not consult with Steve Golden on whether light duty work was available for Ms. Golden, because Defendant terminated Ms. Golden pursuant to its maximum sixteen (16) weeks automatic termination policy. This fact does not conflict with his prior testimony that Steve Golden was outside the chain of Ms. Golden's command. Defendant is free to present evidence on the factual issue of whether light duty work was available for Ms. Golden, but instead Defendant resorts to a Motion to Strike. Because these statements do not show a direct and specific conflict that cannot be plausibly explained, the Court should deny Defendant's Motion.

Respectfully Submitted,

*/s/ Ryan P. Sink*
Ryan P. Sink

Attorney for Plaintiff

Fox Williams & Sink, LLC
8465 Keystone Crossing
Suite 250
Indianapolis, IN 46240

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 20th day of May, 2016, by the Court's electronic filing system to the following counsel of record:

Kathleen Ann Delaney: Kathleen@delaneylaw.net
Kathleen E. Field: Kfield@delaneylaw.net

                                    */s/ Ryan P. Sink*
                                    Ryan P. Sink